UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DARNELL D. HILL, | ) | CASE NO. 1:08 CV 1385 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OHIO ADULT | ) | AND ORDER |
| PAROLE AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Darnell D. Hill filed this action under 42 U.S.C. § 1983 against the Ohio Adult Parole Authority, Linda Janes, Eric Griffith, Jim Bedra, Trayce Thalheimer, Brian Johnson, Steve Doss, Thomas Gatto, Michael Bebee, Matthew Stuerenagel, John Doe, and the Lorain Correctional Institution. In the complaint, plaintiff alleges that he was harassed by his parole officers. He seeks $ 550,000.00 from each defendant.

**Background**

Mr. Hill was released on parole in 2004. He claims that he was initially under the supervision of parole officer Vicki Knapp. Shortly thereafter, he was told to report to parole officer Thomas Gatto. Mr. Hill claims that Mr. Gatto began to harass him and interfere with his employment situation. He insisted that Mr. Hill report for his parole visit at a time he was required

to report to work. He complied with the order and lost his job. When Mr. Hill obtained another job, Mr. Gatto appeared at the job site on a daily basis and informed his co-workers of the details of his crimes. He was terminated from that job.

In January 2006, Mr. Hill informed Mr. Gatto that he needed to move from his residence. Mr. Hill went to the Stark County Jail to report his address change, and was arrested on a warrant issued against him at the urging of Mr. Gatto. He states that he was "found not to be guilty of the actions that Officer Gatto had stated occurred." (Compl. at 3.) Upon his release from jail, he discovered he had been terminated from another job.

Mr. Hill got another job and, as required, informed Mr. Gatto of his employment status. He claims Mr. Gatto went to his customers' homes and informed them of Mr. Hill's status as a sexual offender. Mr. Hill contends that Mr. Gatto followed him around his route and openly admitted that he "didn't like the Plaintiff's kind." (Compl. at 3.) His customers telephoned Mr. Hill's employer and Mr. Hill was fired from the job. Mr. Hill complained to Mr. Gatto's supervisor, John Doe, but he was told that a parolee could not change parole officers simply because they don't get along.

In July 2007, Mr. Hill was assigned to Parole Officer Matthew Stuerenagel. Mr. Hill contends that Mr. Stuerenagel was also difficult with which to work. He claims he told his parole officer of his intention to move to a new residence . Before he could make the move, Mr. Hill was arrested on August 11, 2007 "on a bogus complaint made by an plaintiff's ex-girlfriend." (Compl. at 5.) At the jail, Officer Bebee informed Mr. Hill that Mr. Stuerenagel secured a parole detainer which was based on Mr. Hill's failure to reside at the address he provided to the parole officers. After a hearing, the parole board revoked his parole.

Mr. Hill went before the parole board for parole release consideration on December 13, 2007.  Mr. Hill was denied release.  Although the guideline range was zero to nine months, his next hearing was continued to December 2008.  He claims he contacted Linda Janes about this matter.  In response, he received a letter from Ms. Janes's assistant, Eric Griffith, who informed Mr. Hill that he had no right to parole.  He appealed that decision to the Chief Hearing Officer, Ms. Thalheimer.  He has not received a response.

Mr. Hill has now filed the within action seeking compensatory and punitive damages.  No legal claims are asserted in the body of the complaint.  The case caption includes the phrase "cruel and unusual punishment."  The court therefore will construe plaintiff's complaint as asserting an Eighth Amendment claim.  Because the Constitution does not directly provide for damages, plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations.  Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999).  As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, the Ohio Adult Parole Authority and the Lorain Correctional Institution are not a proper parties to this action. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (2005); Bouquett v. Clemmer, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Furthermore, Mr. Hill fails to state an Eighth Amendment claim against any of the defendants. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only

---

(...continued)
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," Farmer, 511 U.S. at 834; Stewart v. Love, 796 F.2d 43, 44 (6th Cir.1982), or that he has been deprived of the "minimal civilized measure of life's necessities," Wilson, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Eighth Amendment, by its terms, applies only to incarcerated individuals.  Mr. Hill was out of prison when his interactions with Mr. Gatto, Mr. Stuerenagel and John Doe occurred.

Mr. Hill's claims against Ms. Janes, Mr. Griffith, Jim Bedra, Trauce Thalmeimer, Brian Johnson, Steve Doss, and Mr. Bebee, are not concerned with the conditions of his confinement.  Rather, they appear to stem from their denial of release on parole, the continuation of his parole eligibility hearing, and their alleged failure to intervene on his behalf.  Prisoners have no constitutional right to be released on parole at any time before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). The decision to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority. Jago v. Van Curen, 454 U.S. 14, 20 (1981).

To the extent that Mr. Hill is claiming that denying him parole release is an excessive punishment prohibited by the Eighth Amendment, his claim is without merit. A criminal penalty constitutes cruel and unusual punishment if it is "grossly disproportionate to the severity of the crime." Harmelin v. Michigan, 501 U.S. 957 (1991); Rhodes, 452 U.S. at 346. The Eighth Amendment does not require strict proportionality between the defendant's sentence and the crime

committed. United States v. Warren, 973 F.2d 1304, 1311 (6th Cir. 1992). Generally, a sentence within statutory limitations does not violate the Eighth Amendment. United States v. Williams, 15 F.3d 1356, 1364 (6th Cir. 1994). The revocation of Mr. Hill's parole and the denial of release on parole at the earliest eligibility date after his incarceration is not grossly disproportionate to the severity of the crimes to fall within the parameters of the Eighth Amendment.

To the extent that Mr. Hill intended to assert another claim, it is dismissed. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which plaintiff intends to base his action.

## Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

October 20, 2008

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.